# UNITED STATES OF AMERICA
### Federal Court

District of Massachusetts                              Docket # 04- 40228
at Worcester

Francis Harvey & Sons, Inc.

Plaintiff

vs.

Commissioner of the Internal Revenue Service

Defendant

## AMENDED COMPLAINT

### PARTIES

1. Plaintiff Francis Harvey & Sons, Inc. ("Harvey & Sons") is a business with an address of 141 Dewey Street, Worcester, MA 01610.

2. The defendant Commissioner of the Internal Revenue Service ("IRS") is the appropriate officer named as the representative of the IRS. For purposes of this appeal, the applicable IRS's office's address is Internal Revenue Service, Appeals Office, 10 Causeway Street, Room 493, Boston, MA 02222.

### JURISDICTION and VENUE

3. Minimally, the Federal Court has jurisdiction over this matter pursuant to 26 U.S.C. § 6330 and 6320. Attached hereto is the IRS's Notices of Determination ("Notices of Determination") for three quarterly tax periods ending, June 30, 2003,

1

September 30, 2003 and December 31, 2003, Exs. 1, 2 and 3 respectively. These Notices of Determination and applicable law provide that Harvey has a right to appeal to the US District Court.

4. At the scheduling conference, the District Court (Saylor, J.) ordered that these 3 cases (Dockets 04-40228, 04-40229, 04-40230) be consolidated into one case, docket # 04-40228.

5. Venue is appropriate in Federal District Court at Worcester because the plaintiff's business is located in Worcester.

## FACTS

6. Prior to the filing of this case, there was ongoing litigation between Harvey and IRS concerning a dispute over penalties assessed for late payment of employee taxes. The earlier case (as consolidated) was filed in Federal Court, Worcester, docket # 03-40097. This case (docket # 03-040097) is currently on appeal before the First Circuit Court of Appeals. It was and is Harvey's position that case, docket # 03-40097, concerns all the quarterly tax periods from 1994 through September 2002.

7. Harvey & Sons asserts that since 1994 it has had "reasonable cause" for the late payment of certain employee taxes. A number of economic problems, some of which still exist today, were caused by Amherst College's failure in 1994 to pay the amount owed to Harvey for a large construction project. Accordingly, given that Harvey had "reasonable cause" to pay employee taxes late since 1994, pursuant to applicable law, any and all penalties assessed since 1994 should be abated, refunded and/or waived.

8. After Harvey filed suit (Docket # 03-40097) concerning its dispute with

2

the IRS over the tax periods from 1994 to September 2002, the IRS issued Collection Due Process Notices for the quarterly tax periods ending June 30, 2003, September 30, 2003 and December 31, 2003. Via this lawsuit, Harvey is appealing the IRS's decisions for the foregoing quarterly tax periods set forth in the IRS's Notices of Determinations.

9. In addition to appealing the IRS's Determinations for the quarterly tax periods ending June 30, 2003, September 30, 2003 and December 31, 2003, Harvey is appealing and asserts that this Court also has jurisdiction over any and all other tax periods since September of 2002, even though these tax periods are not set forth in the IRS's Notices of Determinations. In addition to any other legal authority that may be applicable, Harvey asserts that the relevant statute provides Harvey with the right of appeal to the US District Court for any tax period which has not been previously adjudicated. Accordingly, on any and all pertinent legal and factual grounds, Harvey seeks Court review of all quarterly tax periods since September 2002.

10. Minimally, for any and all the tax periods since September 2002, Harvey is entitled to an abatement, refund waiver and/or any and all other appropriate remedies concerning the improperly assessed penalties and interest.

11. Additionally, Harvey is seeking Court review and relief from the IRS's conduct of taking certain payments made by Harvey for employee taxes for certain tax periods and applying them to past penalties and other tax periods and then improperly asserting that the tax payments were allegedly not made. The IRS has improperly assessed penalties and interest on those tax periods for which it has improperly diverted

funds. Harvey is entitled to (a) an abatement, refund, waiver and/or any and all other appropriate remedies concerning these penalties and/or interest and (b) a proper application of Harvey's taxes to the proper tax periods.

12. Harvey also seeks an accounting of all payments it has made since 1994 and where those payments have been applied to.

13. Pursuant to applicable law, it is Harvey & Sons' position that it has a right to a *de novo* review by this Court..

# LAW

## Count I

### (Declaratory Judgment)

14. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 13 above.

15. There is a dispute between Harvey & Sons and the IRS over whether Harvey & Sons is (a) entitled to the reasonable cause exception for abatement and/or waiver of penalties, (b) what taxes are owed and (c) what is actually due, if anything, in interest and penalties, and where Harvey's payments have been applied and (d) whether or not they have been properly applied.

16. A declaratory judgment will resolve this dispute.

## Count II

### (Appeal Pursuant to 26 U.S.C. § 6330 and 6320)

17. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 16

above.

18. Pursuant to U.S.C. 26 § 6330 and 6320, Harvey & Sons has the right to appeal the IRS's adverse decisions, as well as appeal all IRS actions regarding those tax periods not set forth in the IRS's collection due process notices.

19. Harvey & Sons is hereby exercising any and all of rights of appeal pursuant to the foregoing statutes, as well as exercising any and all other applicable legal rights on any and all grounds, by filing this compliant.

### Count III

### (Injunction)

20. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 19 above.

21. Harvey & Sons respectfully requests an injunction preventing the IRS from collecting any sums that the Court deems are not due and owing and compelling the IRS to properly apply Harvey's tax payments.

### Count IV

### (Accounting)

22. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 21 above.

23. Harvey seeks an accounting of the employee taxes paid and the application of those funds.

## JURY REQUEST

To the extent allowed by law, Harvey & Sons requests a trial by jury.

## RELIEF REQUESTED

WHEREFORE, based upon the foregoing, Harvey & Sons respectfully requests the Court to:

1. Enter judgment in Harvey & Sons' favor;

2. Order that: Harvey & Sons is not required to pay the penalties and interest in dispute, Harvey & Sons is entitled to the "reasonable cause" exception, the IRS has improperly assessed interest and penalties and misapplied payments, and the IRS must properly apply Harvey's payments.

3. Rule in Harvey & Sons' favor concerning its dispute with the IRS pursuant to (a) the authority vested in this Court pursuant to U.S.C. 26 § 6330 and 6320 and (b) any and all other legal authority which the Court may have that is pertinent to this suit;

4. Permanently enjoin and/or order the IRS from collecting any and all sums which are not lawfully owed, to properly apply the tax payments Harvey has made, as well as issuing any and all other pertinent equitable relief;

5. Order the IRS to provide an accounting; and

6. Award any and all further relief deemed meet and just.

Respectfully submitted,

*[signature]*

Steven M. LaFortune
LaFortune & LaFortune
89 Main Street
Andover, MA 01810
(978) 475-6177

Counsel for Harvey & Sons, Inc.

Dated: April 7, 2005

# UNITED STATES OF AMERICA
## Federal Court

District of Massachusetts  
at Worcester

District Court  
Docket # 04-40228

Francis Harvey & Sons, Inc.  
Plaintiff

v.

Commissioner of the Internal Revenue Service  
Defendant

### Plaintiff's Certificate Of Service

I, Steven M.LaFortune, Esq., counsel for the plaintiff, hereby certify that on this 8th day of April, 2005, I served a copy of the Plaintiff's Amended Complaint upon opposing counsel, Atty. Glenn Melcher via first class mail, to his addresses of record as set forth below:

1. Glenn J. Melcher, Esq.  
   Trial Attorney, Tax division  
   U.S. Dept. of Justice  
   P.O. Box 55  
   Ben Franklin Station  
   Washington, DC 20044

Respectfully submitted,

Steven M. LaFortune, Esq.  
LaFortune & LaFortune  
89 Main Street  
Andover, MA 01810  
(978) 475-6177

Counsel for the plaintiff

Dated: April 8, 2005