Internal Revenue Service  
Portsmouth Appeals Office  
195 Commerce Way, Suite B  
Portsmouth, NH 03801

Department of The Treasury  
Northeast Region

**Person to Contact:**  
Maria R. Russo  
**Badge #:** 04-03510  
**Tel. #:** 603-433-0796  
**Fax #:** 603-433-0597  
**Refer Reply to:**  
AP:FE:PSM:MRR  
**Employer Identification #:**  
04-2069673

Date: OCT 0 8 2004

Francis Harvey & Sons, Inc.  
P.O. Box 40  
Worcester, MA 01602

**Tax Type/Form Number:**  
Employment / Form 941

**Tax Period Ended:**  
06/30/2003

**In Re: CDP-Lien/Levy**

Due Process Appeal  
(District Court)

**Certified Mail**

## NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Francis Harvey & Sons, Inc.:

We have reviewed the proposed collection action for the periods shown above. This letter is your legal Notice of Determination, as required by law. A summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached pages(s).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Kathleen E. Brown
Appeals Team Manager

## Summary of Determination

Based upon the information in the case file and the information presented by Attorney Murray Hershman, the taxpayer's designated Power of Attorney, the Notice of Intent to Levy was appropriate at the time it was issued. The Notice of Federal Tax Lien filed on 02/10/2004 was appropriate at the time it was issued and will remain in full force and effect until it is satisfied or becomes unenforceable by law. As the taxpayer is not in compliance with Federal Tax Depositing requirements and continues to accrue liabilities, no collection alternatives could be considered.

**Appeals Case Memorandum**

**Attachment to Letter 3194 (DC)**

**Taxpayer:** Francis Harvey & Sons, Inc.
**Employer Id. #:** 04-2069673

- Request timely submitted under IRC § 6320
- Request timely submitted under IRC § 6330

| Type of Tax | Tax Period | Date of CDP Notice | Date CDP Request Received | Code Section |
|---|---|---|---|---|
| Employment | 06/30/2003 | 02/13/2004 | 03/18/2004 | 6320 |
| Employment | 06/30/2003 | 01/13/2004 | 02/10/2004 | 6330 |

### Summary and Recommendation

The taxpayer in question filed 2 Form 12153 Request for Collection Due Process hearing, one for the Notice of Intent to Levy and one for the Notice of Federal Tax lien that was filed. As both were timely made and are for the same tax period, the taxpayer's requests were consolidated into one hearing.

Based upon the information in the case file and the information presented by Attorney Murray Hershman, the taxpayer's designated Power of Attorney, the Notice of Intent to Levy was appropriate at the time it was issued. The Notice of Federal Tax Lien filed on 2/10/2004 was appropriate at the time it was issued and will remain in full force and effect until it is satisfied or becomes unenforceable by law. As the taxpayer is not in compliance with Federal Tax Depositing requirements and continues to accrue liabilities, no collection alternatives could be considered.

### Brief Background

The taxpayer owes on the above period due to failing to make Federal Tax Deposits as required.

On the Form 12153, Attorney Murray Hershman, the taxpayer's designated Power of Attorney, stated:
*"During telephone conversations held between the taxpayer's representative, Murray Hershman, and the IRS Revenue Officer assigned to this case, Thomas Simonds of your Worcester office, the taxpayer's representative was informed that the aforementioned has made "no withholding tax deposits for the tax period ended June 30, 2003." Please be advised that we do not agree with that statement or finding nor with the need to issue the attached Notice of Federal Tax Lien filing. Enclosed herewith are copies of the taxpayer's Federal tax deposits for the tax period ended June 30, 2003 and a copy of the Form 941 for the same period. Therefore, we hereby request that the Service cease taking any further collection action in this matter and withdraw the aforementioned Notice of Federal Tax lien filing inasmuch as the entire balance due has, as of this date, been paid."*

Letter 3194

## Discussion and Analysis

### MATTERS CONSIDERED AT THE APPEALS HEARING

#### I. Verification of Applicable Law and Administrative Procedures.

A review of the administrative file indicates that the statutory and administrative requirements that needed to be met with respect to the proposed levy and the filing of the Notice of Federal Tax Lien were in fact met in this case.

IRC § 6321 creates a lien on the taxpayer's property if the taxpayer neglects or refuses to pay the tax after the tax is assessed and after notice and demand for payment are sent to the taxpayer's last known address, as provided for in IRC § 6303. A review of transcripts has confirmed the tax was assessed, and notice and demand was mailed to the taxpayer at the last known address, and there is still a balance due.

IRC Section 6320 provides that the Internal Revenue Service (IRS) will notify a taxpayer of the filing of a notice of lien and of the right to a hearing before the IRS Office of Appeals with respect to the filing of a Notice of Federal Tax Lien. Letter 3172 dated 02/13/2004, "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" was sent via certified mail, and the Service received a <u>timely</u> response from you, on 03/18/2004, in the form of the subject appeal.

A levy is a legal seizure of a taxpayer's property to satisfy a tax debt. If a taxpayer does not pay his/her taxes, or make arrangements to settle a tax debt, the IRS may seize and sell any type of real or personal property the taxpayers owns or has an interest in. IRS may also levy a taxpayer's wages.

IRC § 6331 empowers the Service to use levy action to collect taxes on all property or rights to property belonging to the taxpayer or on which there is a federal tax lien.

IRC § 6331(d) requires that IRS notify a taxpayer at least 30 days before the day of levy. The record shows that such a notice was mailed via certified mail, return receipt requested, on 01/13/2004.

IRC § 6330(a)(1) specifically provides that no levy may be made unless the IRS notifies a taxpayer of:

- The Service's intention to levy, and
- The taxpayer's opportunity for a hearing with the IRS Office of Appeals.
- This notice (which is combined with the notice required under IRC § 6331(d) on Letter 1058/LT11) was mailed on 01/13/2004 via certified mail, return receipt requested.

Sections 6320 (b) & 6330(b) guarantee the right to a fair hearing by the Internal Revenue Office of Appeals. The hearing is to be conducted by an impartial officer who has had no previous dealing with respect to the unpaid tax. The Settlement Officer

- 3 -

assigned to hear this case has had no prior involvement with respect to any of the tax liabilities that are part of this hearing.

Under Service procedures, a final notice of proposed levy is supposed to be sent only when the Service has identified potential levy sources. According to the record, levy sources were identified.

IRC § 6330(c) allows the taxpayer to raise any relevant issues relating to the unpaid tax or the proposed levy at the due process hearing.

## II. Relevant Issues Presented by the Taxpayer

**Challenges to the Existence or Amount of the Liability:**
In your request for the hearing, you challenged the existence of the tax liability at issue. Attorney Murray Hershman, your designated Power of Attorney, stated that he presented the Revenue Officer assigned the case copies of Federal Tax Deposit receipts made on 07/17/2003 for the quarter in question. The Revenue Officer informed Attorney Hershman that these were not verifications that the deposits had actually been made, but only a request that they be made. The deposits were in fact never made and the funds were not withdrawn from your bank account on the dates indicated on these copies that were provided. You have repeatedly presented such documentation to the Revenue Officer despite knowing that they did not substantiate that the deposits were timely made.

You presented Settlement Officer Maria Russo with no further documentation to substantiate that the deposits were in fact made for the quarter in question. The liability is correct as it is currently assessed.

**Challenges to the Appropriateness of the Proposed Collection Action:**
In requesting the appeal, you stated that the tax for the period in question had been paid. Therefore, you stated that there was no need to issue the Notice of Federal Tax Lien and that you wanted the Internal Revenue Service to withdraw the Notice of Federal Tax Lien and not take any further collection action.

IRC Section 6323(j) explains the 4 situations where the Service has the authority to withdraw the filed Notice of Federal Tax Lien. The conditions are as follows:

a) the filing of the notice was premature or otherwise not in accordance with the Services' administrative procedures

b) the taxpayer entered into an agreement under Section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provide otherwise,

c) withdrawal of such notices will facilitate the collection of the tax liability, or

d) with the consent of the Taxpayer Advocate, the withdrawal of such notice would be in the best interest of the taxpayer and the United States."

Letter 3194

- 4 -

As stated above, the debt in question has not been paid. A notice and demand for payment was issued and the debt remained unpaid 10 days after the notice and demand for payment was made. The administrative file indicates that the lien filing is appropriate and that no cause for withdrawal exists.

**Collection Alternatives Offered by the Taxpayer:**

Attorney Hershman proposed an Installment Agreement to Settlement Officer Russo on your behalf. This installment agreement was to include all outstanding Form 941, Employment Tax liabilities and Form 940, Unemployment Tax liabilities totaling approximately $1,800,000. He proposed to pay $300,000 per month beginning 10/28/2004 and any remaining balance on the periods currently in Collection Due Process litigation in U.S. District Court in Worcester, MA, those other periods currently in other CDP hearings and the liability at issue no later than 4/28/2005.

Settlement Officer Maria Russo explained that she was precluded from entering into an Installment Agreement if you were not current in making your Federal Tax Deposits. Attorney Hershman insisted that you were. Russo advised him that she would give you an opportunity to substantiate that the deposits were timely made by providing a letter from your bank detailing the date the deposits were withdrawn from your account. She asked you to provide a copy of your payroll records for the third quarter of 2004 to confirm that your payroll had dropped for the third quarter and that you in fact were current. She faxed a letter to your Power of Attorney detailing the specific information needed for her to agree to this proposal. The letter from the bank that you provided did not specify when the funds were withdrawn from your account nor did it substantiate that they were timely made. Hershman indicated that you did not have payroll records to provide to substantiate that your payroll had dropped and were current. Russo contacted Hershman and advised him that the information provided was not was asked for and did not confirm that you were in compliance with all depositing requirements. He did not contest this fact.

You were first contacted by the Compliance Division relative to unpaid payroll taxes in September 1999. Since that initial contact, you have accrued 8 additional quarters of Form 941, Employment Tax liabilities including the one at issue and continue to accrue additional liabilities to this day. She explained that per Internal Revenue Manual 5.7.8.3, Installment Agreements are not appropriate for taxpayers who continue to accrue tax liabilities after contact because they are not in compliance. Therefore, Russo advised your Power of Attorney that she could not agree to his proposal. He had no additional collection alternatives to offer and understood that she could not agree to his proposal.

She advised him that a Notice of Determination would be issued and the case would be returned to the Compliance Division for resolution. Hershman indicated that he would petition U.S. Tax Court to delay collection action and give you time to pay the debts, as he is aware of the fact that no collection action can be taken on periods that are in litigation. Hershman stated that he would provide the Revenue Officer with a letter from Fleet Bank on a weekly basis acknowledging that the Federal Tax Deposit was made and the funds withdrawn from your account. He stated that he would have you pay $300,000 a month to the Revenue Officer on the back debt including all periods that will be in litigation. He stated that by the time the Court hears his petition, the debt will be

Letter 3194

- 5 -

pretty much paid.

**Other Issues Raised by the Taxpayer:**
No other issues were raised.

### III. Balancing of the Need for the Efficient Collection of the Taxes With the Concerns That the Collection Action Be No More Intrusive Than Necessary.

Based upon the information in the case file and the information presented by Attorney Murray Hershman, the taxpayer's designated Power of Attorney, the Notice of Intent to Levy was appropriate at the time it was issued. The Notice of Federal Tax Lien filed on 02/10/2004 was appropriate at the time it was issued and will remain in full force and effect until it is satisfied or becomes unenforceable by law. As the taxpayer is not in compliance with Federal Tax Depositing requirements and continues to accrue liabilities, no collection alternatives could be considered.

Letter 3194