UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Frank P. Harvey & Sons, Inc.,                )
                                             )
                    Plaintiff-Appellant      )
                                             )
        v.                                   )        Case No. 04-40228-FDS
                                             )
Commissioner of the Internal Revenue Service,)
                                             )
                    Defendant-Appellee       )

**UNITED STATES OF AMERICA'S ANSWER
TO AMENDED COMPLAINT**

The United States of America, by its undersigned attorney, answers plaintiff-appellant's

amended complaint as follows:

**FIRST DEFENSE**

To the extent the amended complaint seeks a declaratory judgment, the Court lacks

jurisdiction pursuant to the exception for Federal taxes in the Declaratory Judgments Act, 28

U.S.C. § 2201.

**SECOND DEFENSE**

To the extent the amended complaint seeks an injunction against the Internal Revenue

Service, the Court lacks jurisdiction pursuant to the Anti-Injunction Act, 26 U.S.C. Sec. 7421.

**THIRD DEFENSE**

To the extent that the amended complaint seeks judgment against the United States with

regard to any tax liabilities or tax periods not included among those indicated on the Notices of

Intent to Levy and resolved by the Notices of Determination attached to the amended complaint,

the Court lacks jurisdiction. *See* 26 U.S.C. Sec. 6330.

**FOURTH DEFENSE**

To the extent that the amended complaint seeks a refund of any taxes, penalties or interest

paid, the Court lacks jurisdiction because the appellant failed to full pay the amounts due and

failed to exhaust its administrative remedies, as required by 26 U.S.C. Section 7422.

## FIFTH DEFENSE

The claims asserted by the appellant in this proceeding are *res judicata* because of the decision rendered by this Court on December 2, 2004, in Case No. 03-40097.

## SIXTH DEFENSE

The doctrine of *collateral estoppel* bars appellant from 1) asserting reasonable cause for abatement of the penalties assessed against it, and 2) asserting that this proceeding involves any period other than those included on the Notices of Determination, because those issues were decided against it in this Court's December 2, 2004, decision in Case No. 03-40097.

## SEVENTH DEFENSE

The United States responds to the specific allegations of the amended complaint as follows:

### PARTIES

1. *Plaintiff Francis Harvey & Sons, Inc. ("Harvey & Sons") is a business with an address of 141 Dewey Street, Worcester, MA 01610.*

**Response:**     The United States admits the allegations in paragraph 1 of the amended complaint.

2. *The defendant Commissioner of the Internal Revenue Service ("IRS") is the appropriate officer named as the representative of the IRS. For purposes of this appeal, the applicable IRS's office's address is Internal Revenue Service, Appeals Office, 10 Causeway Street, Room 493, Boston, MA 02222.*

**Response:**     The United States admits the allegations in paragraph 2 of the amended complaint.

### JURISDICTION and VENUE

3. *Minimally, the Federal Court has jurisdiction over this matter pursuant to U.S.C. 26 § 6330 and 6320. Attached hereto is the IRS's Notices of Determination ("Notices of*

*Determination") for three quarterly tax periods ending, June 30, 2003, September 30, 2003 and December 31, 2003, Exs. 1, 2 and 3 respectively. These Notices of Determination and applicable law provide that Harvey has a right to appeal to the US District Court.*

**Response:**    The United States admits that the Court has jurisdiction with regard to the tax

periods indicated on the Notices of Intent to Levy and resolved by the Notices of

Determination attached to the amended complaint and denies the Court otherwise

has jurisdiction.

4.  *At the scheduling conference, the District Court (Saylor, J.) ordered that these 3 cases (Dockets 04-40228, 04-40229, 04-20230) be consolidated into one case, docket # 04-40228.*

**Response:**    The United States admits the allegations in paragraph 4 of the amended

complaint.

5.  *Venue is appropriate in Federal District Court at Worcester because the plaintiff's business is located in Worcester.*

**Response:**    The United States admits the allegations in paragraph 5 of the amended

complaint.

FACTS

6.  *Prior to filing of this case, there was ongoing litigation between Harvey and* [sic] *IRS concerning a dispute over penalties assessed for late payment of employee taxes. The earlier case (as consolidated) was filed in Federal Court, Worcester, docket #03-40097. This case (docket #03-40097) is currently on appeal before the First Circuit Court of Appeals. It was and is Harvey's position that case, docket #03-40097, concerns all the quarterly tax periods from 1994 through September 2002.*

**Response:**    The United States admits that there is ongoing litigation with the appellant with

regard to penalties for late payment of employee taxes which is currently on

appeal to the United States Court of Appeals for the First Circuit.  The United

States admits that it is Harvey's position that the case number 03-40097 concerns

the periods from 1993 through September 2002 but avers that it is the position of

this Court, through its December 2, 2004, memorandum and order (at page 17),

and the position of the United States, that the only periods at issue in that case

were the quarterly tax periods ending on September 30, 2000; December 31,

2000; March 31, 2001; and September 30, 2001.

7.  *Harvey & Sons asserts that since 1994 it has had "reasonable cause" for the late payment of certain employee taxes.  A number of economic problems, some which still exist today, were caused by Amherst College's failure in 1994 to pay the amount owed to Harvey for a large construction project.  Accordingly, given that Harvey had "reasonable cause" to pay employee taxes late since 1994, pursuant to applicable law, any and all penalties assessed since 1994 should be abated, refunded and/or waived.*

**Response:**    The United States denies, and the Court so held in case number 03-40097, that

Harvey had reasonable cause for abatement of penalties.

8.  *After Harvey filed suit (Docket #03-40097) concerning its dispute with the IRS over the tax periods from 1994 to September 2002, the IRS issued Collection Due Process Notices for the quarterly tax periods ending June 30, 2003, September 30, 2003 and December 31, 2003. Via this lawsuit, Harvey is appealing the IRS's decisions for the foregoing quarterly tax periods set forth in the IRS's Notices of Determinations.*

**Response:**    The United States denies that the dispute with Harvey is with the tax periods from

1994 to September, 2002, and admits the remainder of the allegations in

paragraph 8 of the amended complaint.

9.  *In addition to appealing the IRS's Determinations for the quarterly tax periods ending June 30, 2003, September 30, 2003 and December 31, 2003, Harvey is appealing and asserts that this Court also has jurisdiction over any and all other tax periods since September of 2002, even though those tax periods are not set forth in the IRS's Notices of Determinations.  In addition to any other legal authority that may be applicable, Harvey asserts that the relevant statute provides Harvey with the right of appeal to the US District Court for any tax period which has not been previously adjudicated.  Accordingly, on any and all pertinent legal and factual grounds, Harvey seeks Court review of all quarterly tax periods since September 2002.*

**Response:**    The United States denies, and the Court has so ruled, that the Court has

jurisdiction over any periods other than those included in the Notices of

Determination (which flow from the Notices of Intent to Levy).  Further, the

United States denies that there is a waiver of sovereign immunity for any other

periods. The final sentence of paragraph 9 is a request for relief to which no

response is required.

     10.  *Minimally, for any and all the tax periods since September 2002, Harvey is entitled to an abatement, refund waiver and/or any and all other appropriate remedies concerning the improperly assessed penalties and interest.*

**Response:**     The United States denies the allegations in paragraph 10 of the amended

complaint.

     11.  *Additionally, Harvey is seeking Court review and relief from the IRS's conduct of taking certain payments made by Harvey for employee taxes for certain tax periods and applying them to past penalties and other tax periods and then improperly asserting that the tax payments were allegedly not made. The IRS improperly assessed penalties and interest on those tax periods for which it has improperly diverted funds. Harvey is entitled to (a) an abatement, refund, waiver and/or any and all other appropriate remedies concerning these penalties and/or interest and (b) a proper application of Harvey's taxes to the proper periods.*

**Response:**     The United States denies that it has improperly applied any tax payment made by

Harvey, denies that it improperly assessed any penalties and interest, denies that it

has improperly diverted funds and denies that Harvey is entitled to any abatement,

refund or any other remedy in this action. The United States further avers that it

properly applied all payments made by Harvey in accordance with the appropriate

IRS policy and procedures.

     12.  *Harvey also seeks an accounting of all payments it has made since 1994 and where those payments have been applied to.*

**Response:**     The allegations in paragraph 12 of the amended complaint are a request for relief

to which no response is required. To the extent a response is required the United

States avers that the requested relief appears to be a request for a declaratory

judgment for which the Court lacks jurisdiction pursuant to the exception for

Federal taxes in the Declaratory Judgments Act, 28 U.S.C. § 2201. Furthermore, to the extent that the request deals with tax periods other than those in the Notices of Determination (*i.e.*, the last three quarters of 2003) the Court is without subject matter jurisdiction, and the United States has not waived its sovereign immunity to be sued.

13. *Pursuant to applicable law, it is Harvey & Sons' position that it has a right to a de novo review by this Court.*

**Response:**    The United States admits that the Harvey has a right to a de novo review of the Notices of Determination issued pursuant to the Collection Due Process hearings for the tax periods ending June 30, 2003, September 30, 2003, and December 31, 2003.

LAW

COUNT I

(Declaratory Judgment)

14. *Harvey & Sons repeats the allegations set forth in paragraphs 1 through 13 above.*

**Response:**    The United States reasserts its responses to the allegations set forth in paragraphs 1 through 13 of the amended complaint.

15. *There is a dispute between Harvey & Sons and the IRS over whether Harvey & Sons is (a) entitled to the reasonable cause exception for waiver of penalties, (b) what taxes are owed and (c) what is actually due, if anything, in interest and penalties, and where Harvey's payments have been applied and (d) whether or not they have been properly applied.*

**Response:**    The United States admits that it denied the appellant's request for an abatement of

6

penalties relating to the tax periods indicated on the Notices of Intent to Levy and resolved by the Notices of Determination attached to the amended complaint. The United States lacks knowledge or information sufficient to form a belief as to whether there is a dispute with Harvey with regard to what taxes are owed and whether payments have been applied properly and avers that even if there were such a dispute the Court lacks jurisdiction to determine such a dispute because Harvey did not properly raise in its request for a Collection Due Process hearing, or at the hearing itself, any issue relating to the existence or amount of the tax liability or the proper application of any payments.

16. *A declaratory judgment will resolve this dispute.*

**Response:**     The allegations in paragraph 16 of the amended complaint state a legal conclusion to which no response is required.

COUNT II

(Appeal Pursuant to 26 U.S.C. § 6330)

17. *Harvey & Sons repeats the allegations set forth in paragraphs 1 through 16 above.*

**Response:**     The United States reasserts its responses to the allegations set forth in paragraphs 1 through 16 of the amended complaint.

18. *Pursuant to U.S.C. 26 § 6330 and 6320, Harvey & Sons has the right to appeal the IRS's adverse decisions, as well as appeal all IRS actions regarding those tax periods not set forth in the IRS's collection due process notices.*

**Response:**     The United States admits that pursuant to 26 U.S.C. Sec. 6330, Harvey has the right to appeal the Notices of Determination attached to the amended complaint and denies the remainder of the allegations in paragraph 18.

7

19. *Harvey & Sons is hereby exercising any and all of rights of appeal pursuant to the foregoing statutes, as well as exercising any and all other applicable legal rights on any and all grounds, by filing this complaint.*

**Response:**     The allegations in paragraph 19 of the complaint state a legal conclusion to which

no response is required.

COUNT III

(Injunction)

20. *Harvey & Sons repeats the allegations set forth in paragraphs 1 through 19 above.*

**Response:**     The United States reasserts its responses to the allegations set forth in paragraphs

1 through 19 of the amended complaint.

21. *Harvey & Sons respectfully requests an injunction preventing the IRS from collecting any sums that the Court deems are not due and owing and compelling the IRS to apply Harvey's tax payments.*

**Response:**     Paragraph 21 is a request for relief to which no response is required.

COUNT IV

(Accounting)

22. *Harvey & Sons repeats the allegations set forth in paragraph 1 through 21 above.*

**Response:**     The United States reasserts its responses to the allegations set forth in paragraphs

1 through 21 of the amended complaint.

23. *Harvey seeks an accounting of the employee taxes paid and the application of those funds.*

**Response:**     Paragraph 23 is a request for relief to which no response is required.

8

WHEREFORE, the United States requests the appellant's amended complaint be dismissed and the Court grant such other and further relief as the Court deems proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


    /S/ Glenn J. Melcher
GLENN J. MELCHER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6573
Facsimile: (202) 514-5238
Glenn.J.Melcher@usdoj.gov

9

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that, on this 20th day of April, 2005, a copy of the UNITED

STATES OF AMERICA'S ANSWER was filed electronically. Notification of this filing will be sent

to each counsel via the electronic filing system. A copy of this document will also be sent to the

following counsel of record by first class mail:

> Steven M. LaFortune, Esq.
> LaFortune & LaFortune
> 89 Main Street
> Andover, MA 01810

> _____/S/ Glenn J. Melcher_____
> GLENN J. MELCHER
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-6573